Per curiam

By :he practice established here since the creation of Courts of Equity, in the year 1782, when it is referred to tlie. Master to take an account, he, at the instance of either party, must issue a notice appointing a day Cor attendance. This notice must be served by the party procuring it. If the party cited do not appear on the day appointed, he shall not proceed to take the account in his absence ; for perhaps lie is sick or prevented by some unavoidable accident, or has not been able to prepare himself to take the account. But then, a second notice appointing another day, shall be issued and served in like manner; and then if the party noticed fail to appear, the account shall be t aken ex parte. In the present instance, this practice was not observed, and therefore the report must be set aside : and this is the more, proper, as the time appointed by the Master, was known to be inconvenient for Mr. Smith, and as he had not been actually noticed at all. Where a report is regularly taken, but the items of the account are improperly allowed or disallowed by the Master, exceptions filed to the reportare proper; but, where the Master proceeds irregularly to take the account, as in the present instance, the objection goes to the whole report, and may be made out and supported by affidavit, as has been done in the presen! case.
Not*, — Upon (lie subject of c»rofVrence to inast'-raml report, ’ see Nash v. Taylor, 2 Hay. 125, Anonymous, Ibid 157. Smith v. Estes & Mallet, Ibid, 156. Smith & others v. Mallet, Ibid. 182. Thompson v. O’Daniel, and Jeffreys v. Yarborough, 2 Hawks, 307.